◼ In the Matter of WALTER HOLBOROW, Petitioner, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination dated January 28, 1970, which dismissed petitioner from his position of transit patrolman as of the close of business on December 16, 1969. Determination modified, on the law, without costs, (1) by adding a provision thereto that the charges relating to petitioner being intoxicated while off duty (violations of pars. 19.0 and 48.0 of ch. 12 of respondent's Manual of Procedure), to his giving a false or misleading statement (violation of par. 30.0 of ch. 12) and to his failure to safeguard his equipment (violation of par. 3.0 of ch. 20) are not sustained; and (2) by annulling the provision therein dismissing petitioner from his position and substituting therefor a provision that petitioner is suspended, without pay, from the close of business on December 16, 1969 to the close of business on June 30, 1971. In our opinion, substantial evidence was adduced at the departmental hearing to sustain the hearing Referee's finding that petitioner, a transit patrolman, had been associating with one Donald Shamus at the Town House Bar and that he knew of Shamus' criminal background before the latter assaulted him in that establishment with a bar stool on November 20, 1969. However, we do not believe that substantial evidence was adduced to warrant the findings that petitioner was intoxicated at the time of the incident, made false or misleading statements with respect to the incident, and did not take proper care to safeguard his equipment. In addition, the record in this proceeding reveals that petitioner's association with Shamus was solely a barroom acquaintanceship and was not related to his official duties. We are therefore of the opinion that the penalty of dismissal was excessive (cf. *Matter of Short* v. *Looney*, 34 A D 2d 676) and an abuse of discretion to the extent indicated above (CPLR 7803, subd. 3). Martuscello, Latham, Shapiro and Gulotta, JJ., concur; Munder, Acting P. J., dissents and votes to confirm the determination and to dismiss the proceeding on the merits, upon the ground there was substantial evidence to support the determination.